**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

Susan C. McKeefry,

                      **Plaintiff,**

        --AGAINST--

Town of Bedford, Town of Bedford Police
Department, Detective Joseph Comunale,
Shield #54, Police Officer John Does 1-10,
(Their True Names And Identities Presently
Unknown), Acting In Both Their Official And
Unofficial Capacities and Andrea Davis,

                      **Defendants.**
--------------------------------------------------------X

**Docket #**

**COMPLAINT**

Plaintiff, by her attorneys, Law Office of Gambino & Demers, LLC complaining of the

Defendants, all upon information and belief, respectfully allege:

## <u>JURISDICTION</u>

1.      The Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343,

42 U.S.C. §§ 1981, 1983, 1985 and 1986, the First, Fourth and Fourteenth Amendments of the

United States Constitution, and pendent claims under the Constitution and Laws of the State of

New York.

## <u>VENUE</u>

2.      The allegations herein arose in Westchester County, New York, and are therefore

within in this judicial district.

## <u>PARTIES</u>

3.      That at all times herein mentioned, the Plaintiff was and still is a resident of the

County of Fairfield County, State of Connecticut.

1

4.      That, upon information and belief, at all times herein mentioned, Defendant, Town of Bedford ("TOWN"), was and still is a municipal corporation, duly organized and existing by virtue of the laws of the State of New York.

5.      That, upon information and belief, Defendant Town of Bedford Police Department ("POLICE DEPARTMENT"), was and is an agency of TOWN.

6.      Detective Joseph Comunale, Shield #54 and Police Officer John Does 1-10, presently unknown individual officers of the Town of Bedford Police Department, ("collectively referred to herein as OFFICERS"), at all relevant times, were Police Officers employed by Defendants TOWN and POLICE DEPARTMENT, and working for Defendants TOWN and POLICE DEPARTMENT as employees and agents thereof.

7.      Upon information and belief, throughout the events hereinafter described, the OFFICERS were acting in the course of their duties and functions as Police Officers of and for Defendants TOWN and POLICE DEPARTMENT and as employees and agents of Defendants TOWN and POLICE DEPARTMENT.

8.      Upon information and belief, the identities of all OFFICERS are known particularly by Defendants TOWN and POLICE DEPARTMENT supervisory personnel, including uniformed and non-uniformed TOWN and POLICE DEPARTMENT employees.

9.      Upon information and belief, throughout the events hereinafter described, Defendant Andrea Davis were and still are residents of the County of Westchester, State of New York.

10.     Upon information and belief, all Defendant OFFICERS were and are still citizens

2

and residents of the State of New York.

11.     Upon information and belief, the identities of all Defendant OFFICERS are known particularly by Defendants TOWN and POLICE DEPARTMENT.

## ALLEGATIONS

12.     Starting from April 24, 2015 and continuing each day thereafter, Defendant Andrea Davis made false statements regarding PLAINTIFF to Defendant TOWN, POLICE OFFICERS and/or POLICE DEPARTMENT.

13.     As a result of the foregoing false statements, PLAINTIFF was falsely arrested by Defendant OFFICERS, confined, subjected to ridicule and criminally prosecuted.

14.     That Defendants, individually and/or collectively, knew or should have known the statements made leading to PLAINTIFF'S arrest were false.  OFFICERS interviewed persons alleged to have been at Davis home on the night in question.  These witnesses either refused to answer questions or, in one instance, provided false information meant to confuse the police investigation.  And still, OFFICERS continued their case against PLAINTIFF.

15.     That Defendant OFFICERS knew or should have known the statements made about PLAINTIFF leading to her arrest were false.  OFFICERS knew that DEFENDANT's statements were self-contradictory in the police report and therefore should have questioned DEFENDANT's credibility and motives. e.g., DEFENDANT lied about even knowing the teen who was reported by PLAINTIFF McKeefry to be there and later DEFENDANT Davis confessed that in fact it was her daughter's roommate and she was in fact present that night which is documented in police report made by DEFENDANT Officers.

16.     That Defendant OFFICERS in supervisory rank knew or should have known that

the statements made leading to PLAINTIFF'S arrest were false and that PLAINTIFF'S arrest was not based upon probable cause. DEFENDANT OFFICERS saw teens at Davis residence and saw them close curtains as they approached house and therefore should have believed PLAINTIFF McKeefry was telling the truth when she reported minors drinking at DEFENDANT Davis's residence.  OFFICERS reported this observation of teens at Davis residence in the police report they wrote up and yet proceeded with malicious prosecution of PLAINTIFF McKeefry for 'false reporting' while they knew the substance of what she reported was true.

17.    That Defendants all had an opportunity to prevent the conspiracy to falsely arrest PLAINTIFF and violate her civil rights, but all neglected to do so.  PLAINTIFF only disguised her identity to protect herself and daughter from further bullying by DEFENDANT Davis and DEFENDANT's family in retaliation.

18.    That after knowing that the original information disseminated concerning the PLAINTIFF was false, Defendant POLICE DEPARTMENT and OFFICERS engaged in a course of conduct to continue its malicious prosecution of claimant in an attempt to justify and make correct their prior false statements.  After numerous other students gave statements that verified they had imbibed alcohol as minors while at the DEFENDANT Davis residence in the past, the TOWN, et al. continued to prosecute PLAINTIFF McKeefry rather than question whether to prosecute DEFENDANT Davis for repeatedly serving alcohol to minors.

19.    That after knowing that the original information disseminated concerning the PLAINTIFF was false, Defendant Andrea Davis engaged in a course of conduct to continue its malicious prosecution of claimant in an attempt to justify and make correct their prior false statements.

20.     The conduct of Defendants toward Plaintiff, as set forth above, was without cause or justification, constituted assault and battery on the person of the Plaintiff by Defendants.

21.     This conduct was intentionally, recklessly and negligently directed at Plaintiff by the Defendants, through the action of Defendants' OFFICERS, employees, agents and/or servants, acting individually and within the scope of their employment.  OFFICERS revealed PLAINTIFF's identity as the informant instead of protecting her anonymity thereby enabling further bullying of PLAINTIFF and PLAINTIFF's family by DEFENDANT and DEFENDANT's family.

22.     Defendants assault, battery, cruel and unusual punishment were illegal acts performed while defendants' OFFICERS were on duty.

23.     Plaintiff has been damaged and suffered emotional distress, humiliation and conscious pain and suffering as a result of this conduct by the Defendants.

## CAUSES OF ACTION

## COUNT I

## 42 U.S.C. § 1983 CONSPIRACY

24.     Paragraphs 1 through 23 are incorporated by reference as though fully set forth at length herewith.

25.     Defendants, acting under color of federal and state law, conspired with one another to deprive Plaintiff of her constitutional rights, including the rights to be free from intentional use of unreasonable force; to not be subjected to cruel and unusual punishment; and by fabricating and contriving purported misconduct by Plaintiff in order to attempt to justify Defendants' actions.

26.     As part of the conspiracy, the Defendants did, without cause or justification, among other acts, physically assault and batter Plaintiff, maliciously prosecute Plaintiff, subject Plaintiff

to cruel and unusual punishment, subject Plaintiff to excessive and unjust force, falsely arrest Plaintiff and maliciously prosecute her, and in furtherance of the conspiracy and in order to cover up their wrongful acts, Defendants engaged in the following conduct intentionally, carelessly, negligently, wrongfully and recklessly:

      a.     Falsely arresting Plaintiff;

      b.     Fabricating and contriving criminal charges lodged against Plaintiff and thereafter maliciously prosecuting Plaintiff after the criminal charges were dismissed;

      c.     Fabricating and contriving stories about Plaintiff;

      d.     Concealing, discarding and/or otherwise withholding evidence and statements to insulate officers from administrative and criminal sanctions.

      e.     Violating Plaintiff's rights, privileges and immunities as guarantees under the United States Constitution, under 42 U.S.C. § 1983 and under the constitution and laws of the State of New York.

      f.     Although they were aware of the brutality of other Defendants and were required to report it, they deliberately suppressed the truth about their misconduct.

27.    Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

**COUNT II**

6

**42 U.S.C. §1983 - UNREASONABLE AND EXCESSIVE FORCE**

28.     Paragraphs 1 through 27 are incorporated by reference as though fully set forth at length herewith.

29.     Defendants, acting under color of law, federal and state, deprived Plaintiff of her constitutional right to be free from excessive and unreasonable force.

30.     The conduct of the Defendants toward Plaintiff constituted assault and battery upon the person of Plaintiff by Defendants.

31.     This conduct was intentionally, recklessly and negligently directed at Plaintiff by Defendants, acting individually and within the scope of their employment and under color of state and federal law.

32.     The aforementioned occurrence was caused by the wrongful, careless, reckless, negligent and intentional acts of the Defendants.  Such conduct violated the Plaintiff's rights, privileges and immunities as guaranteed by the U.S. Constitution, Amendments One, Four and Fourteen, under 42 U.S.C. § 1983 and under the laws and constitution of the State of New York.

33.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

<u>**COUNT III**</u>

**42 U.S.C. §1983 - FALSE ARREST, FALSE IMPRISONMENT AND**

**MALICIOUS PROSECUTION**

34.     Paragraphs 1 through 33 are incorporated by reference as though fully set forth at length herewith.

35.     Defendants, acting under color of law, federal and state, deprived Plaintiff of her constitutional right to be free from false arrest, false imprisonment and malicious prosecution.

36.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## COUNT IV

### 42 U.S.C. §1983 - SUPERVISORY LIABILITY AND FAILURE TO INTERCEDE

37.     Paragraphs 1 through 36 are incorporated by reference as though fully set forth at length herewith.

38.     Defendants, by their conduct under color of law, federal and state, had opportunities to intercede on behalf of Plaintiff to prevent her false arrest, the excessive use of force and unreasonable, continued seizure upon Plaintiff, but due to intentional and deliberate indifference, declined or refused to do so, and failed to properly supervise the subordinate officer in their charge.

39.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## COUNT V

### 42 U.S.C. §1983 FIRST AND FOURTEENTH AMENDMENT VIOLATIONS

40.     Paragraphs 1 through 39 are incorporated by reference as though fully set forth at length herewith.

41.     By their conduct and under color of law, federal and state, Defendants deprived Plaintiff of her First and Fourteenth Amendment rights to freely associate with others.

8

42.     The Defendants engaged in a cover-up in order to conceal the wrongdoing and unlawful conduct taken against Plaintiff, and the Defendants' efforts to conceal the occurrence continues to the detriment of Plaintiff.

43.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## COUNT VI

**42 U.S.C. §1985 - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**

44.     Paragraphs 1 through 43 are incorporated by reference as though fully set forth at length herewith.

45.     The individual defendants, under color of law, conspired with each other to undertake a course of conduct to injure, oppress, threaten and intimidate Plaintiff in the free exercise and enjoyment of his rights and privileges and equal protection of the law secured by him by the Constitution and to impede, obstruct and hinder the due course of Justice in New York State.

46.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## COUNT VII

**PENDENT CLAIM OF GROSS NEGLIGENCE AND NEGLIGENCE AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

47.     Paragraphs 1 through 46 are incorporated by reference as though fully set forth at length herewith.

48.     Defendants, individually and/or collectively, were grossly negligent and/or negligent in their conduct as alleged herein and in failed to take steps that an ordinary, reasonable and prudent person and/or officer would have pursued to care and protect Plaintiff.

49.     The Defendants, individually and/or collectively, engaged in a cover-up in order to conceal the wrongdoing and unlawful conduct taken against Plaintiff, and the Defendants' efforts to conceal the occurrence continues to the detriment of Plaintiff.

50.     The Defendants, individually and/or collectively, maliciously prosecuted Plaintiff.

51.     The Defendant Andrea Davis maliciously prosecuted Plaintiff knowing the allegations against her to be false.

51.     The Defendant Andrea Davis caused the false arrest of Plaintiff.

52.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## COUNT VIII

### PENDENT CLAIM - RESPONDEAT SUPERIOR

53.     Paragraphs 1 through 52 are incorporated by reference as though fully set forth at length herewith.

54.     At all relevant times, Defendants were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

55.     Consequently, the TOWN is liable under the doctrine of respondeat superior for their tortious actions.

56.     Because of the foregoing, Plaintiff has been damaged in an amount to be

determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## COUNT X

### PENDENT CLAIM - ASSAULT AND BATTERY

57.     Paragraphs 1 through 57 are incorporated by reference as though fully set forth at length herewith.

58.     By their actions, all Defendants committed acts of assault and battery upon Plaintiff, which physical force was unnecessary and excessive.

59.     The Defendants engaged in a cover-up in order to conceal the wrongdoing and unlawful conduct taken against Plaintiff, and the Defendants' efforts to conceal the occurrence continues to the detriment of Plaintiff.

60.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## COUNT XI

### PENDENT CLAIM - FALSE ARREST AND FALSE IMPRISONMENT

61.     Paragraphs 1 through 60 are incorporated by reference as though fully set forth at length herewith.

62.     At all relevant times, all Defendants acted forcibly in apprehending, arresting, detaining and imprisoning Plaintiff.

63.     At all relevant times, the wrongful, unjustifiable, and unlawful apprehension, arrest, detention and imprisonment were carried without due process of law.

64.    Throughout Plaintiff's false arrest and imprisonment, Defendants did not permit Plaintiff an opportunity to establish her innocence.

65.    At all times mentioned, the unlawful, wrongful and false arrest and imprisonment of Plaintiff was without right or probable cause, and was forcible and against her will.

66.    At all times mentioned, OFFICERS were acting for, upon and in furtherance of the business of their employers and within the scope of their employment.

67.    As a result of the false arrest and imprisonment, Plaintiff was subject to humiliation, ridicule and disgrace.

68.    As a result of the false arrest and imprisonment, Plaintiff was subject to cruel and unusual punishment and denied parole, thereby subjecting him to further imprisonment.

69.    Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## COUNT XII

## PENDENT CLAIM - PRIMA FACIE TORT

70.    Paragraphs 1 through 69 are incorporated by reference as though fully set forth at length herewith.

71.    By their actions, as set forth above, OFFICERS, inflicted harm on Plaintiff, without justification, out of disinterested malevolence.

72.    Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

### COUNT XIII

**PENDENT CLAIM - NEGLIGENT HIRING AND SUPERVISION**

73.     Paragraphs 1 through 72 are incorporated by reference as though fully set forth at length herewith.

74.     At the time of the incidents described herein, the Defendant OFFICERS were in the employ of and acting as agents for Defendant POLICE DEPARTMENT and was acting in the employ of and acting as agent for Defendant TOWN, as per the above allegations.

75.     Defendant OFFICERS had been hired and trained by Defendant TOWN and POLICE DEPARTMENT for the position of Police Officer.

76.     As employees and agents for Defendants TOWN and POLICE DEPARTMENT, Defendant OFFICERS were at all times mentioned under the supervision of Defendants and POLICE DEPARTMENT.

77.     On information and belief, Defendants TOWN and POLICE DEPARTMENT hired and trained Defendant OFFICERS with disregard for their propensities for violent and abusive activity toward and disregard of civil rights of individuals, as evidenced by the actions set forth herein.

78.     On information and belief, Defendant OFFICERS had propensities for abusive activity toward and disregard of civil rights of individuals, as evidenced by the attack upon the Plaintiff and other actions as set forth herein.

79.     On information and belief, Defendants TOWN and POLICE DEPARTMENT employees, including, but not limited, OFFICERS, had propensities for failing to intervene, as required by law, when the civil rights of a member of the public is being attacked by members of their own ranks, as evidenced by other incidents known to Defendants TOWN and POLICE

DEPARTMENT.

80.     Defendants TOWN and POLICE DEPARTMENT breached their duty to the public and the Plaintiff specifically by either intentionally or negligently hiring OFFICERS possessed of such propensities for illegal activity, abuse and disregard of civil rights.

81.     Defendants TOWN and POLICE DEPARTMENT breached their duty to the public and the Plaintiff specifically by deploying OFFICERS without first properly screening the hiring of and training of them.

82.     Defendants TOWN and POLICE DEPARTMENT breached their duty to the public and the Plaintiff specifically by failing to properly supervise OFFICERS, and in retaining employees despite knowledge of and exhibition of abusive and violent propensities and disregard for civil rights of the public and individuals in their custody.

83.     Plaintiff has been damaged, suffered bodily injury, emotional distress and conscious pain and suffering and violation of her civil rights as a result of these negligent, wrongful, careless, reckless and intentional acts of Defendants.

84.     Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## COUNT IX

### PENDENT CLAIM - LIBEL AND SLANDER

85.     Paragraphs 1 through 84 are incorporated by reference as though fully set forth at length herewith.

86.     Defendants, individually and/or collectively, have defamed Plaintiff by libel per se and/or slander per se, libel and/or slander, whereby Plaintiff has suffered and will continue to

suffer compensable damage, in an amount to be determined after trial but believed to be in excess of One Million Dollars ($1,000,000.00).  Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## PLAINTIFF DEMANDS TRIAL BY JURY

**WHEREFORE,** Plaintiff requests the following relief jointly and severally as against all of the Defendants:

1.     Award compensatory damages in an amount to be determined at trial, and believed to be in excess of One Million Dollars ($1,000,000.00) for each Cause of Action numbered I through IX;

2.     Award punitive damages in an amount to be determined at trial, and believed to be in excess of Two Million Dollars ($2,000,000.00) for each Cause of Action numbered I through IX;

3.     Disbursements, costs and attorney's fees; and

4.     For such other and further relief as the court deems just and proper.

Dated: Poughkeepsie, New York
       October 30, 2018

Respectfully submitted

LAW OFFICE OF GAMBINO & DEMERS, LLC
222 Church Street
Poughkeepsie, NY  12601
(845) 473-0427


By:_____*s/ Thomas M. Gambino (TG6332)*_____
     THOMAS M. GAMBINO, ESQ.  (TG6332)